Johnson, J.
delivered the opinion of the Court.
The questions discussed in the argument of this case were, 1st, whether a remainder in a personal chattel can be limited over by deed: 2d, whether, admitting that it may, this limitation is not too remote, and therefore void.
The argument against the motion, on the first of the questions, proceeds upon the assumption, that by the English common law, a remainder in a personal chattel cannot be limited over, except by way of executory bequest, or a conveyance to uses: and some of the cases cited would seem to favour this conclusion. The case of Cooper v. Cooper, said to have been decided in the Constitutional Court of this State, in 1807, or 1808, in which it is said, that a limitation over of negroes, in a deed, was, on that ground, declared to be void, is relied on as authority; and I remember to have heard such an opinion, said to have been delivered by the late Mr. Justice Wilds, spoken of in terms of high commendation. But there is no printed report of that case, nor have I been able to obtain amanuscriptof .it: and however highly I may be disposed to appreciate the opinion of the Court, and particularly that of the very able Judge, who is said to have pronounced that opinion, I cannot be persuaded to regard one so circumstanced as authoritative on this Court. And the more so, as I believe it to be opposed to the current of public opinion, and the spirit of the decided cases which have been handed down to us.
*102 In the case of Dott v. Cunnington, 1 Bay 453, the first book reports published in this State, the question must necessarily have presented itself, and would have been conclusive against the judgment of the Court; and although it was not made, yet as the counsel remarked, it proves very satisfactorily, that the understanding at that day was, that the question was settled : for it is scarcely to be supposed, that a point, so important, and which is assumed to be familiar, would have been overlooked both by the counsel and the Court.
The same remark applies to the cases of Stockton v. Martin, 2 Bay, 471, Tucker v. Stevens, 4 Desaus. 532, and Milledge v. Lamar, Ib. 617; in all of which it seems to have been taken for granted, that a personal chattel might be directly limited over by deed. And it is a little remarkable, that although the case of Cooper v. Cooper was decided more than twenty years ago, there is no one instance in which it has ever been acted upon ; and I take it, therefore, as settled, whatever may have been the rule in England, that here a limitation over in a personal chattel may be created by deed, otherwise than by a conveyance to uses.
The argument on the second proposition has assumed a variety of forms, some of which it will be necessary to notice. And 1st, it is said, that the gift of the negroes in dispute to Nancy Powell in the habendum of the deed, is conclusive of the interest which she took in them ; and being to her and her issue forever, is not controlled by the subsequent limitation over, on her dying without issue: and the case of Porter ads. Ingram, Harp. 492, is relied on as authority.
In that case there was an entire' inconsistency in the premises and the habendum of the deed. They could not stand together; and on the principle that the first deed should prevail, it was held that the premises controlled the habendum, and that she took the interest indicated by them. But there is no such inconsistency here. Supposing, for the sake of argument, that the limitation over could take effect, the interest vested in Nancy Powell must be determined by her death without issue, before the limitation over could operate.
2d. The idea, however, thatthe defendant can take, in any event, under the limitation over to his heirs, contained in his own deed, is preposterous; and the only ground upon which the plaintiff can be divested, or the defendant intitled is, that the negroes *103 reverted to the defendant the grantor, at the death of Nancy Powell without issue.
All the books agree, that a grant of real estate to a man and the heirs of his body is a limited fee; and. that on the death of the grantee, without heirs of his body, the land reverts to the grantor. Butler’s Fearne, 381, note 1. The case of Jones ads. Postell and Potter, Harp. 92, is an instance of this. But all the authorities concur, that a devise of a term for a day or an hour, with a void limitation over, passes the whole term ; as was said by the master of the Rolls in Forth v. Chapman, 1 P. Wms. 666. And if it appear, that it was the intention of the grantor to part with the whole term, the Court will lay hold of any slight .circumstance to give effect to that intention, in order to prevent the reverter. A distinction is sometimes taken between a devise to one for life expressly, and if he die without issue, remainder over, and a devise to one indefinitely, and if he die without issue, remainder over. In the first case it is said, that the estate may, in some cases, perhaps return to the executor or personal representatives of the testator; bht in the last, the whole vests in the de-visee : and the reason given is, that in the first case, the possibility of a reverter was left open, and in the last case, the intention of the testator to part with the whole estate was manifest. Fearne 487, note.
Here, supposing the limitation over in other respects good, the defendant, the grantor, was living; and' there was, therefore, no one capable of taking under the description of Ms surviving heirs. The limitation over to them, manifests his intention to part with the whole interest in the negroes ; and, according to the rule, there can be no reverter, and of consequence the whole interest vested in the first taker.
The defendant’s motion is, therefore, refused, and leave is given to the plaintiff to enter up judgment on the special verdict.
Motion refused.